**STATE AUTOMOBILE MUTUAL INSURANCE CO., Appellee,**

v.

**Paul B. MITCHELL; Geraldine L. Mitchell, Appellants.**

No. 98–3222.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1999.

Decided May 28, 1999.

Blair K. Drazic, Maryland Heights, Missouri, argued, for appellant.

Robert W. Cockerham , St. Louis, Missouri, argued, for appellee.

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[1] District Judge.

HANSEN, Circuit Judge.

Paul and Geraldine Mitchell (the Mitch-

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

ells) appeal the district court's [2] judgment entered pursuant to a jury verdict in favor of State Automobile Mutual Insurance Company (State Auto). We affirm.

The relevant facts viewed in the light most favorable to the jury's verdict are as follows. State Auto issued an insurance policy to the Mitchells for property located in St. Louis, Missouri. The policy included a clause excepting from coverage losses occurring due to "vandalism and malicious mischief, theft or attempted theft or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss." (App. at 27.) The policy also excluded coverage if the insured "intentionally concealed or misrepresented any material fact or circumstance relating to [the] insurance." (*Id.* at 28.)

The Mitchells had leased the property to Blanche Hines. Mrs. Hines and her husband last occupied the property on July 15, 1995. The Mitchells filed a claim under the State Auto policy for damages allegedly resulting from a theft that occurred on September 20, 1995. The Mitchells initially claimed a total loss of $2,100, but later increased their claim to approximately $89,000. The Mitchells also made various misrepresentations to State Auto. For example, even though the property had remained unoccupied after July 15, the Mitchells represented to State Auto that their tenant had not left the property until September 1995, shortly before the alleged loss. State Auto denied the claim in its entirety. State Auto asserted that the Mitchells misrepresented material facts relating to the insurance, and that the property in question had been vacant for thirty days prior to the alleged loss.

After it denied the Mitchells' claim, State Auto filed the present declaratory judgment action in the district court seeking a declaration that coverage for the Mitchells' alleged loss was excluded under the policy. Jurisdiction was premised on diversity of citizenship. See 28 U.S.C. § 1332 (1994). The case proceeded to trial, and the district court instructed the jury that it must find in favor of State Auto if it found either of the following: (1) that one or both of the Mitchells "intentionally concealed or misrepresented any material fact or circumstance relating to the insurance;" or (2) "that the … dwelling had been vacant for more than 30 consecutive days immediately before September 20, 1995." (Instruction No. 6; App. at 70.) The district court rejected an instruction proffered by the Mitchells that would have required the jury to use a narrow definition of the policy term "vacant." The jury returned a verdict in favor of State Auto on the misrepresentation issue as well as the vacancy issue.

■ The Mitchells argue on appeal that the district court committed reversible error when it refused to instruct the jury on the meaning of the term vacant as used in the State Auto insurance policy. According to the Mitchells, Missouri law requires a narrow definition of vacant that excludes the possibility of the jury equating vacant with unoccupied.[3] We need not reach this question of Missouri law because even if we assume that the district court erred in refusing to instruct the jury per the Mitchells' request, any such error would be harmless in view of the jury's finding that one or both of the Mitchells intentionally concealed or misrepresented a material fact relating to the insurance. See Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1124 (8th Cir.1998) (noting that "we examine the correctness of jury instructions as a whole and not atomistically, and we will not reverse a judgment based on an al-

---

**2.** The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

**3.** The Mitchells assert that without their proffered jury instruction, "[a]ny juror with a

modicum of common sense would rule for the insurance company **unless** they knew that the insured was entitled to the strict definition of vacant that was absolutely mandated by the Missouri authorities." (Appellants' Br. at 17.)

leged error in instructing a jury unless that error was prejudicial").

■ The jury's finding on the misrepresentation issue is supported by ample evidence. Moreover, the Mitchells' arguments in their initial brief do not address the jury's finding on this issue. In their reply brief, the Mitchells present a convoluted argument that the alleged instructional error regarding the meaning of the word vacant somehow taints or otherwise undermines the jury's verdict on the misrepresentation issue. "[W]e generally do not address issues and arguments asserted for the first time in a reply brief." *Giove v. Stanko,* 49 F.3d 1338, 1344 n. 4 (8th Cir.1995). We will not depart from our general rule in this case.

Having carefully reviewed this case, we find that the alleged instructional error was harmless error at best. We further find that the issues presented do not warrant an extended discussion. The judgment of the district court is affirmed. *See* 8th Cir.R. 47B.