# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-1965

_____

Robyne Mahaney; James Mahaney,
Individually and on behalf of
their children and as representatives
of the class,

        Plaintiffs-Appellants,

    v.

Warren County; Mike Baker,
Individually and in his official
capacity as Warren County Sheriff;
North East Community Action
Corp.; Donald Patrick; Lynn Miller;
Nelva Owens; Fern Goodfellow;
Leon Stonebarger; Pat Spoonster;
Gil Groeper; James Vaccaro;
Shelly Vaccaro;

        Defendants-Appellees,

Craig Costello,

        Defendant.

Appeals from the United States
District Court for the Eastern
District of Missouri.

[PUBLISHED]

_____

No. 99-1966

_____

Jackie Morton, as representative of
the class;

        Plaintiff-Appellant,

Kingmont Corp.,

        Plaintiffs,

    v.

Warren County; Mike Baker,
Individually and in his official
capacity as Warren County Sheriff;
North East Community Action
Corp.; Donald Patrick; Lynn Miller;
Nelva Owens; Fern Goodfellow;
Leon Stonebarger; Pat Spoonster;
Gil Groeper; James Vaccaro;
Shelly Vaccaro;

        Defendants-Appellees.

Craig Costello,

        Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: February 16, 2000
Filed:  March 13, 2000

_____

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robyne Mahaney, James Mahaney, and Jackie Morton (collectively "plaintiffs") appeal the district court's[1] order granting the defendants' motions for summary judgment.  See Fed. R. Civ. P. 56(c).  The plaintiffs are former residents of a low income housing project in Warren County, Missouri.  They allege that the defendants engaged in a conspiracy to violate their civil rights.[2]  See 42 U.S.C. § 1985(3).  After conducting lengthy hearings, the district court found that the plaintiffs failed to establish the existence of a genuine issue of material fact and, accordingly, entered judgments in favor of the defendants.  We review de novo a district court's summary judgment determinations.  See Amir v. St. Louis Univ., 184 F.3d 1017, 1024 (8th Cir. 1999).

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[2]The plaintiffs also allege violations of additional federal statutes and amendments to the United States Constitution. The plaintiffs failed to raise these claims in their initial brief before this court.  Claims not raised in an initial brief are waived, see Stephenson v. Davenport Comm. Sch. Dist., 110 F.3d 1303, 1306-07 n.3 (8th Cir. 1997), and we generally do not consider issues raised for the first time on appeal in a reply brief.  See State Auto. Mut. Ins. Co. v. Mitchell, 179 F.3d 590, 592 (8th Cir. 1999).  We see no reason to depart from our rules in this case.

The plaintiffs contend that the defendants conspired against them by building a wall, digging a ditch, engaging in racial steering practices, denying the residents of the project basic police protection, ordering the operator of the project to provide security for the housing project residents, filing a nuisance suit against the project, and threatening to use the zoning laws as a vehicle for closing the project. After reviewing the entire record in this case, we conclude that the plaintiffs' claims patently lack merit. The plaintiffs advance nothing more than bare allegations and rank speculation. "Speculation and conjecture are not enough to prove that a conspiracy exists."[3] Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999). Accordingly, we affirm the judgments of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[3]The plaintiffs also challenge the district court's orders denying their motions for class certification, their motion for consolidation, their motion for a protective order, and their motion to disqualify certain attorneys from joint representation. After examining the entire record, we conclude that the plaintiffs' challenges lack merit and an extended discussion is not warranted. See 8th Cir. R. 47B.